KING COLLAR BUTTON CO. *v.* UNITED STATES (No. 767).[1]

MOTION TO REDUCE THE RECORD.

On an application for a rehearing being filed but not heard, the board responding to the application by a letter termed an "amended decision," directed the incorporation in the formal decision of the matter the omission of which was complained of in the petition for a rehearing. Thereupon, on the faith of this "amended decision," the application for a rehearing was withdrawn. Whatever irregularity there may have been in the course pursued by the board it was no more than an irregularity, and the waiver of this by appellant is manifest.

United States Court of Customs Appeals, April 17, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26448 (T. D. 31845).

[Motion denied.]

*Brown & Gerry* for the motion.

*William K. Payne,* Deputy Assistant Attorney General, for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is a motion to reduce the record by striking from the return of the board a letter purporting to be an amendment of the decision of the board which was made on the 29th of August, 1911. On September 12, 1911, a motion for a rehearing was filed by the appellant in this case, which stated the apparent ground of the motion as follows:

The board makes no finding of fact, however, as to the line measure of the buttons which the collector can use as a basis for reliquidation. The official record on the back of the packet shows that the importers requested that the official samples should be

---

[1] Reported in T. D. 32461 (22 Treas. Dec., 735).

referred to the examiner to report the line·button measure and an order granting the request was entered. The samples were not referred to the examiner, however, and we wish a rehearing so that this essential question of fact may be put upon the record.

The board, responding to this application for a rehearing, on September 21 directed a letter to the collector of customs, which was entitled "Amended decision," and reads as follows:

Referring to decision of this board promulgated August 29, 1911, covering protests 488126, etc., of the King Collar Button Co. et al., it is noted that through inadvertence the line measurement of the parts of buttons in question was omitted to be mentioned. The greatest diameter of the two different parts is 32 lines in each instance. Said decision is hereby accordingly amended by the addition of this finding of fact, and you are instructed to reliquidate the entries on the basis of the line measurement just mentioned. (Signed by two of the members of the Board of General Appraisers.)

On September 22 attorneys for the importer addressed the following letter to the clerk of the board:

We have your letter of September 21, advising us of the amended decision in protest 488126 of the King Collar Button Co. In view of this amendment, we withdraw our application for a rehearing in this matter.

On September 28 another motion for rehearing was entered, which was denied on October 5, and on the 27th of October a petition for appeal was filed in this court and the case was certified to this court.

It is now sought to strike from the record the so-called amended decision of September 21, claiming that it is irregular and not authorized. It is said that there is no provision that the Board of General Appraisers may amend their decision in cases where subsequent to the decision they have come to the conclusion that they have committed error. Rule 19 of the Board of General Appraisers provides for the application for rehearings and granting rehearings under section 12, but the rules nowhere provide that a decision may be amended, and it is contended by the appellant that the jurisdiction and power of the general appraisers are strictly limited by the statute.

We think it is unnecessary to determine whether the board may on its own motion amend its finding of facts after its decision has been promulgated. It certainly had the power, upon an application for a rehearing, at any time within 30 days from the decision of August 29, to grant such a rehearing for the purpose indicated by the motion itself, in order that a finding of facts might be placed of record which should show the line measure of the buttons to furnish a basis for reliquidation. Had such motion been granted and the finding made, there would be no room for contention that the board was not acting entirely within its jurisdiction. In place of doing this, however, the board complied with the request for a finding of fact in a more direct way, and on September 21 made the order which they styled an amended decision. Assuming this to have been irregular, the importer might have objected to the proceeding at that stage and

moved to strike the decision from the files, or possibly have taken an appeal to this court from the order refusing the rehearing. But such course was not pursued. On the contrary, the amended decision was accepted as a sufficient compliance with the motion for rehearing. The importer's counsel evidently considered that they had obtained all that they were entitled to have and all that was then desired, and announced that in view of this amendment the application for rehearing was withdrawn. Assuming the proceedings to have been irregular, and as the board was possessed of the power to grant a rehearing and amend its judgment upon the motion, the short cut was at most an irregularity, it would seem that there could be no plainer case of a waiver of an irregularity in proceedings than that afforded by the present proceedings. The motion to strike will therefore be *denied*.