KING COLLAR BUTTON Co. *v.* UNITED STATES (No. 796).[1]

1. "AMENDED DECISION."

   At an earlier stage of this litigation an application for a rehearing was filed and the board, responding to this without a hearing, directed, by a letter there termed "an amended decision," that the matter omission of which had been urged as a ground for granting a rehearing should be incorporated in the formal decision of the case. The application for a rehearing being thereupon withdrawn, the protestant could not be later heard in objection to the proceeding as irregular.—King Collar Button Co. *v.* United States (3 Ct. Cust. Appls., 174; T. D. 32461).

2. REQUIREMENTS IN MEASURING MERCHANDISE.

   The law contemplates that the true amount or rate of duty should be paid on imported merchandise and nothing more. There is a doubt here, however, whether the proper method of measuring the merchandise of the importation was employed. The appeal was seasonably taken and a further hearing in the circumstances is reasonably required.

United States Court of Customs Appeals, May 12, 1913.

APPEAL from Board of United States General Appraisers, Abstract 26448 (T. D. 31845).

[Reversed.]

*Brown & Gerry* for appellant.

*William L. Wemple,* Assistant Attorney General (*Charles Duane Baker,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case consists of parts of collar buttons made of metal. It was assessed at 50 per cent ad valorem under the last clause of paragraph 427 of the act of 1909 as buttons "not specially provided for." The importers protested, claiming the merchandise was dutiable under paragraph 427 at only three-fourths of 1 cent per line per gross and 15 per cent ad valorem, or at other compound rate according to its composition, or at 45 per cent ad valorem under paragraph 199 as a manufacture of metal not specially provided for.

Paragraph 427 provides for a specific duty upon certain buttons, button molds or blanks, finished or unfinished, based upon a "line

[1] Reported in T. D. 33430 (24 Treas. Dec., 795).

button measure," the unit of which is one-fortieth of 1 inch, and also for an additional duty at the rate of 15 per cent ad valorem.

The "Transcript of docket record" certified up is as follows:

May 16, 1911, appearance, submitted, with request that the sample be referred to examiner for report as to line measurement. So ordered.

September 13, 1911, application for rehearing.

September 21, 1911, decision of the board amended.

September 22, 1911, application for rehearing withdrawn.

September 28, 1911, application for rehearing.

October 10, 1911, rehearing denied.

The hearing of May 16, 1911, appears to have been before Board 3. No witnesses were called at that hearing and no question is here made as to the jurisdiction of that board. There is no showing as to the constitution of the board except that the decision filed by it and dated August 29, 1911, is signed by "H. M. Somerville, Eugene G. Hay, Board of United States General Appraisers."

In its said decision the board found the merchandise was incomplete collar or cuff buttons composed of metal and sustained the importers' protest that the same were dutiable at the compound specific and ad valorem rate under paragraph 427, but no finding was made as to the line button measure of the importations and no reference in the opinion made to the importer's claim under paragraph 199.

The record nowhere shows that the examiner has reported as to such line measurement, which appears to have been ordered at the time the case was submitted on May 16, as shown by the transcript of the docket record under that date, above quoted.

The application for rehearing, dated September 12, 1911, was made to Board 3 by the attorneys for the importers, in which application, among other things, it is said:

The board makes no finding of fact, however, as to the line measure of the buttons which the collector can use as a basis for reliquidation. The official record on the back of the jacket shows that the importers requested that the official samples should be referred to the examiner to report the line button measure, and an order granting the request was entered. The samples were not referred to the examiner, however, and we wish a rehearing so that this essential question may be put upon the record.

Thereafter September 21, 1911, the following document was either filed in the case or sent to the collector of customs or both:

AMENDED DECISION.

NEW YORK, *September 21, 1911.*

COLLECTOR OF CUSTOMS, *New York, N. Y.*

SIR: Referring to decision of this board promulgated August 29, 1911, covering protests 488126, etc., of the King Collar Button Co. *et al.*, it is noted that through inadvertence the line measurement of the parts of buttons in question was omitted to be mentioned. The greatest diameter of the two different parts is 32 lines in each instance. Said decision is hereby accordingly amended by the addition of this finding of fact, and you are instructed to reliquidate the entries on the basis of the line measurement just mentioned.

Respectfully,                              BYRON S. WAITE,
                                           I. F. FISCHER,
                          *Board 3 of United States General Appraisers.*

September 22, 1911, importers' counsel mailed to O. D. Madge, chief clerk of the board of United States General Appraisers in New York City, the following letter, which was received the next day:

Sir: We have your letter of September 21, advising us of the amended decision in protest 488126 of the King Collar Button Co. In view of this amendment, we withdraw our application for rehearing in this matter.

Thereafter importers' counsel made the discovery that the compound rate resulting from the finding in the so-called amended decision was higher than the rate first assessed by the collector. In their brief it is claimed that in their protest they had in mind a different kind of merchandise than that actually covered by the entry and upon discovering that the compound rate was higher than the assessment a second application for rehearing, dated September 28, 1911, was made under oath by counsel for importers. Said application was made to board 3 and is as follows:

Sirs: Application is hereby made for a rehearing on protest 488126 of King Collar Button Co., which was decided by your board under date of August 29, 1911. The reason for this application is that it is desired to bring particularly to the attention of the board the claim in the protest for the assessment of duty at 45 per cent ad valorem under paragraph 199, which claim was not considered by the board specifically. We failed to produce testimony in support of this claim and to call the attention of the board to it, because of a clerical error. The samples of this shipment which were given us by the importers were misfiled in our office and other samples which the importers admit to be buttons and claim to be dutiable, at compound rates under paragraph 427, were substituted in their stead. · The error was purely clerical on our part, and we believe that the importers, by reason of our error, should not be deprived of the opportunity of presenting their testimony in support of the claim which we were retained to maintain. We have consulted with the importers and believe that we can produce proof that the articles under consideration in this protest are not of the character described in any of the clauses of paragraph 427.

This last application for rehearing was denied by Board 3 under date of October 10, 1911, by an order to that effect signed by Byron S. Waite, H. M. Somerville, and Eugene G. Hay, United States General Appraisers.

December 9, 1911, the importer filed in this court its appeal from the decisions of the board, together with an assignment of errors.

Importers now claim that the decision first rendered by the board was defective and should be reversed in that it did not find the line button measure, so that reliquidation could be had; that the so-called amended decision of September 21 was void and of no effect because it was rendered by general appraisers who had no jurisdiction, it being claimed in that connection that the two general appraisers who attempted to make the amendment were not members of Board 3; that if this court is of opinion that the so-called amended decision is valid and must be read into and as a part of the first decision the finding as to the line measure is without evidence to support it and the decision as a whole must be reversed, in connection with which claim it is urged that the decision of the collector being presumptively

correct there was no evidence to warrant its reversal; and finally that in any event the finding as to the line measure is erroneous because it is said that it is in fact less than that indicated by the so-called amended decision. In this last connection importers claim that because at the time the case was submitted it was, as already appears, ordered by the board that the sample be referred to the examiner as to report of line measure, that the board had no right to determine the line measurement without the examiner's report on the subject, and that because the record does not show such report the finding of the board as to line measure can not be upheld; and it is contended that if the samples before the board and this court are now correctly measured, it will appear to this court that the line measure was not correctly found by the board and therefore can not be sustained.

The Government contends that although the line measure was inadvertently omitted from the decision as first rendered, it was within the power of the board to amend its decision in that respect, which was done, it says.

The Government further contends that the decision of the application for rehearing or retrial was vested wholly in the discretion of the board, was properly exercised, and not being a final order or judgment of the board can not be reviewed here. Although the importers, in their assignments, embodied one allegation which might perhaps be construed as claiming error in this regard, we do not understand that it now so claims.

It is indisputable that the decision of the board under date of August 29 was so defective that thereunder reliquidation could not be made by the collector.

Before considering the first claim made by importers here we turn to the assignments of error to ascertain what is really before us. There is not, as we understand the same, any assignment therein which challenges or could be claimed to challenge the jurisdiction of Board 3 as constituted at the time the so-called amended decision was made other than the two following:

17. In that said board wrote a letter to the collector of customs, which letter purports to be an amendment of the decision of said board, dated August 29, 1911.

18. In that said board failed to give notice to the protestant or his attorneys of said attempted amendment of the decision of said board.

We think these assignments may be dismissed with the observation that they seem to concede rather than to deny the jurisdiction of Board 3, as it was constituted at the time the amendment was made, to consider the matter of the amendment, complaint only being made as to the *method* in which its power to amend was exercised.

In addition to this it appears that in King Collar Button Co. *v.* United States (3 Ct. Cust. Appls., 174; T. D. 32461) we had before us one phase of this claim to the extent herein below indicated.

The importers had moved in this court to strike from the record the purported amendment of the decision embodied in the letter of September 21, 1911. In its brief accompanying the motion it was contended that this letter was "null and void and immaterial and upon its face not properly a part of the return of the board" in the case, and among other things, it was alleged that there was no provision of law that a decision of the board might be amended in that or any manner, and that the rules of the board did not so provide. The importers made no claim whatever that Board 3, as it appears to have been constituted at the time this amending letter was written, was not for the purposes of the case the legal Board 3.

Without referring to the fact that the two members of the board who signed the alleged amended decision were other than the two members thereof who had made the original decision, and indeed it does not appear that that fact was called to our attention, we held that it was unnecessary to determine whether the board had authority of its own motion to amend a finding of facts after its decision had been promulgated; that it certainly had the power, upon application for rehearing within the proper time, to grant a rehearing for purposes indicated by the motion therefor; that had such a motion been granted and finding made, there would be no room for the contention that the board was not acting entirely within its jurisdiction; that instead of granting such rehearing the board had complied with the requests for a finding of fact in a more direct way and had pursuant thereto made the order of September 21, the amended decision, so called; that assuming this to have been irregular the importers might have objected to the proceedings at that stage and moved to strike the decision from the files, or, possibly, have taken an appeal to this court from the order refusing the rehearing; that the amended decision was apparently accepted as a sufficient compliance with the motion for rehearing and that in view of the amendment the application therefor was withdrawn, and further that, assuming the proceedings to have been irregular, "it would seem there could be no plainer case of a waiver of an irregularity in proceedings than that afforded by the present proceedings," and the motion to strike was denied.

We think the views there expressed should still obtain as to that part of the proceedings there under discussion and that nothing further need be said upon this phase of the case, especially in view of the fact already stated that the assignments of error do not raise the question.

The second petition for rehearing or retrial was filed on the 28th day of September, which was within the 30 days allowed therefor under the provisions of subsection 12 of section 28 of the act of 1909. This petition having been duly entered, extended the right of the importer to appeal from the board's decision, as amended, for 60 days from the date the motion for a new trial was decided by the board. United States *v*. Vandergrift (2 Ct. Cust. Appls., 434; T. D. 32197).

This case therefore comes up as an appeal from the original decision of the board as amended and presents the following situation:

When the issues were submitted, it was ordered by the board, either upon the request of the importers or both parties, that a sample be referred to the examiner for report as to line measurement. The decision as first rendered by the board made no finding as to that fact. The importers consequently asked for an opportunity to be heard on the question. Such opportunity was not granted, but a finding thereon was made and incorporated in the decision, from which decision, as so amended, the importers have seasonably appealed.

The record fails to show that any report as to line measurement was made by the examiner, and the order that it be referred to him for that purpose still stands. No evidence as to the line measurement of the buttons other than that afforded by the official samples has been presented to the board.

An inspection of these samples indicates that the issue as to the line measurement is probably well stated by the importers in their brief, from which we quote:

There are two samples before the court representing the merchandise in question. One consists of two wire loops turning upon a hinge; the other consists of the same article mounted upon a shank, with a circular base, to which it is apparently intended that a disk of some material should be attached, in order to make the article a complete collar button. The so-called amended decision of the board of appraisers assigns the same button measure to both these articles, * * *. It is contended that the more advanced article should be measured at its circular base, and that the simpler article has, properly speaking, no line measure whatever. In G. A. 7087 (T. D. 30877), the board of appraisers passed upon the question of the classification of certain so-called agate buttons, consisting of a circular head attached to a circular base by means of a shank. * * * The board considered that the head was susceptible of line measurement and that the base was susceptible of line measurement, and that it was fair to all parties to take the line measurement of the base as a basis for assessing duty. It will also be noted in this case that the board did not consider the line measurement of the shank; that is, it did not consider the height of the button as being a dimension by which to determine its line measurement, the distinction evidently being between circular and noncircular measurement. In the case at bar it is evident that the board has ignored the proposition that line measure is a measure of circular diameter, and has measured the extended open portion of the article in question. Otherwise it would be impossible to arrive at the same line measure for both articles.

We are not entirely clear by what method of measurement the board in the case at bar came to the conclusion that the line measurement was as stated in its amended decision, and think the question of the proper method of ascertaining such measurement should not be determined upon the meager information afforded by the record and exhibits before us in this case.

The law contemplates that the true amount or rate of duty should be paid upon imported merchandise and nothing more. To obtain that result here the proper method of measuring the merchandise

should be adopted, and we are in doubt as to whether or not it was applied in this case. In the absence of any showing as to such an administrative practice in the method of determining the line measurement of buttons as would be controlling, the trade understanding as to the method of determining the same, the unit thereof having been fixed by statute, may be helpful or controlling, and we have no information as to what it is.

Inasmuch as the cause must be remanded for further hearing, we think the ends of justice will be served if it is done without limitation as to the right of the importers to introduce evidence upon any issue raised by their protest.

The judgment of the Board of General Appraisers is *reversed*, the cause remanded, and new trial ordered in conformity to the views herein set forth.