UNITED STATES *v.* VANDEGRIFT & Co. (No. 730).[1]

PETITION FOR REHEARING AND TIME LIMITATIONS ON APPEALS.

Where a motion for a new trial has been entered within the time fixed by law, the limitation of 60 days within which it is permitted to take an appeal begins to run not from the date of the original decision, but from the date the motion for a new trial is disposed of.

## United States Court of Customs Appeals, January 11, 1912.

[Motion denied.]

*Wm. L. Wemple,* Assistant Attorney General (*Frank L. Lawrence* on the brief), for the United States.
*Walden & Webster* for the motion.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is a motion to dismiss the appeal taken by the Government on the ground that the time for an appeal had elapsed when application for appeal was made to this court.

The original decision by the Board of General Appraisers was rendered June 16, 1911. A petition for rehearing was filed within the 30 days provided by law, and was denied by the board on July 6, 1911. The petition for review was filed in the office of the clerk of this court on August 29, 1911, which, though more than 60 days after the original decision, was less than 60 days after the decision denying the rehearing, and the question presented is whether the pendency of a motion for rehearing before the board arrests the running of the time fixed by statute for appeal to this court.

Subdivision 29 of section 28 of the tariff act of 1909 provides that—

If the importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury, shall be dissatisfied with the decision of the Board of General Appraisers as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of said board, they, or either of them, may, within sixty days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs Appeals for a review of the questions of law and fact involved in such decision.

If this section stood alone, it would require no interpretation. But section 12 of the act relating to proceedings before the Board of General Appraisers provides:

The board of three general appraisers, or a majority of them, who decided the case, may, upon motion of either party made within thirty days next after their decision, grant a rehearing or retrial of said case when in their opinion the ends of justice require it.

---

[1] Reported in T. D. 32197 (22 Treas. Dec., 112).

A similar question arose in Kingman *v.* Western Manufacturing Co. (170 U. S., 675), in which case the authorities are reviewed at length. Circuit courts of appeal were empowered by section 6 of the act of March 3, 1891 (26 Stat. L., 826), to review final decisions of the district and circuit courts except in certain cases. By section 11 of that act it was provided:

No appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit courts of appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed.

The question presented in that case was whether, a motion for a new trial having been entered and later denied, the time for suing out a writ of error was limited to six months from the date of the original entry of the judgment sought to be reviewed or should date from the denial of the motion for a new trial. The court held that the trial court had not, while a motion was pending for a new trial, lost its jurisdiction over the case, and having power to grant the motion, the judgment is not final for the purpose of taking out the writ, saying:

The question before us is merely whether a judgment is final so that the jurisdiction of the appellate court may be invoked while it is still under the control of the trial court through the pendency of a motion for new trial. We do not think it is, and are of opinion that the limitation did not commence to run in this case until the motion for new trial was overruled.

It is equally true that in this case the entry of a motion for a rehearing and its consideration by the Board of General Appraisers must have of necessity left the case within their jurisdiction for determination. Subsection 29 of section 28 of the act of 1909 confers upon this court "exclusive appellate jurisdiction to review by appeal * * * final decisions by a Board of General Appraisers * * *" the provision corresponding to that above referred to conferring appellate jurisdiction upon circuit courts of appeal. The question in this case is, where rehearing is moved within the time fixed therefor by statute, whether the judgment or decision previously rendered is to be deemed final. The question in this case was whether, where a motion for a new trial had been entered within the time fixed by law, the previous decision was to be considered final. This question was answered in the negative. The present case is in all respects analogous.

It follows that the motion to dismiss should in this case be denied.