ISHIDA ET AL. *v.* UNITED STATES (No. 2061).[1]

UNITED STATES COURT OF CUSTOMS APPEALS REVIEWS FINAL DECISIONS ONLY.
    The United States Court of Customs Appeals reviews *final* decisions only of the Board of United States General Appraisers.—(Sec. 195, Judicial Code.) A motion to remand this cause to the board on the ground of the alleged improper admission of certain evidence is denied without prejudice.

United States Court of Customs Appeals, January 13, 1922.

MOTION for remand to Board of United States General Appraisers, Abstract 43792.

[Denied.]

*Frank L. Lawrence* (*Martin T. Baldwin* and *Thomas M. Lane* of counsel) for the motion.

*William W. Hoppin*, Assistant Attorney General (*David Hyams*, special attorney, of counsel), contra.

[Oral argument October 28, 1921, by Mr. Lane and Mr. Hoppin.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

Per curiam:

Appellants move the court for a reversal and remand of this case, on the ground that against the objection of the appellants the board, in violation of its rules, admitted in evidence the record and evidence in another case without giving to the appellants an opportunity to reexamine or cross-examine the witnesses whose testimony was set out in the record so admitted.

---
[1] T. D. 38984.

The motion is in effect nothing less than an attempt to appeal from a ruling of the board as to the admissibility of evidence, and rulings of that kind are not appealable inasmuch as this court is authorized to review final decisions of the board and not orders or rulings made during the hearing or trial and before a final decision is reached.—(Sec. 195, Judicial Code.)

The improper admission or consideration of evidence may be assigned as error and corrected on appeal from the final decision of the board. To review by direct appeal or motion intermediate rulings or orders which do not finally determine the issue submitted to the board would result in a multiplicity of appeals and proceedings and consequent unnecessary delays not contemplated or permitted by the statute.

The motion is therefore denied without prejudice to the consideration of the point on appeal from the final decision of the board. In view of the stipulation by counsel the record need not be printed in case the appeal is finally perfected.