### RHODIA CHEMICAL CO. *v.* UNITED STATES (No. 2288).[1]

1. APPEAL NOT AN INHERENT RIGHT.

The remedy of an appeal is not an inherent right of litigants, but a statutory privilege, the existence and extent of which must be determined by statute.

2. INTERLOCUTORY DECREES NOT REVIEWED.

Section 195 of the Judicial Code fixes the appellate jurisdiction of the Court of Customs Appeals and restricts it to *final* decisions.—Ishida et al. *v.* United States (11 Ct. Cust. Appls. 216; T. D. 38984). Consequently this appeal from a ruling of the Board of United States General Appraisers refusing to allow amendments of the protests is dismissed.

United States Court of Customs Appeals, November 17, 1923.

APPEAL from Board of United States General Appraisers' interlocutory order made
May 11, 1923.
[Dismissed.]

*Walden & Webster* (*Edward F. Jordan* of counsel) for appellant.
*William W. Hoppin,* Assistant Attorney General (*Samuel M. Richardson,* special attorney, of counsel), for the United States.

[Oral argument October 4, 1923, by Mr. Jordan and Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

On the 2d of December, 1921, the importer protested that the rate of 25 per cent ad valorem imposed by the collector on acetate of cellulose, under paragraph 25 of the act of 1913, was not warranted by law and claimed that the merchandise was dutiable either at 15 per cent ad valorem under paragraph 5, or at 20 per cent ad valorem under paragraph 17, or at 15 per cent ad valorem under the first clause of paragraph 25, or at the same rate under paragraph 385.

On the 18th of January, 1923, the importer moved to amend his protests by inserting a claim that the goods were dutiable at 20 per cent ad valorem under that part of paragraph 29 which reads as follows:

29. * * * Ethers and esters of all kinds not specially provided for in this section, 20 per centum ad valorem.

---

[1] T. D. 39889.

The Board of General Appraisers found that the amendment proposed by the motion was germane and proper, but refused to allow it and denied the motion on the ground that the application to amend was not made within the time prescribed by the statute. From the order of the board denying the motion to amend, this appeal was taken and no hearing or decision of the original protest was had.

The order appealed from did not determine or decide the questions raised by the original protests and was therefore in no sense a final decision by the board determinative of the substantive rights of the parties. The order was interlocutory and entirely collateral.— Francis X. Meyers, etc., v. James A. Becker (29 Hun. 567–573); Thomas H. Claggett, etc., v. David Crawford, etc. (12 Gill & Johnson's Reports, 275–281); Kiefer's Heirs v. Therese Reichert (93 Md. 97–99). The remedy of an appeal is not an inherent right of litigants, but a statutory privilege, the existence and extent of which must be determined by statute.—Sullivan v. Haug (82 Mich. 548, 555); Messenger v. Teagan (106 Mich. 654, 658); State v. State Bank (137 Pac. Rep. 400, 403); United States v. Loeb & Schoenfeld Co. (7 Ct. Cust. Appls. 380; T. D. 36961); John v. Paulin (231 U. S. 584–585, 587).

Whether the statute gives to the importer an appeal from an order of the board purely interlocutory in its nature—that is to say, an order which did not expressly, actually, or by necessary implication, finally determine the proceeding or the substantive rights involved in the protest—is therefore the question which we are called upon to decide.

Section 195 of the Judicial Code fixes the appellate jurisdiction of this court and gives it authority to review by appeal all final decisions of the Board of General Appraisers "in all cases as to the construction of the law and the facts respecting the classification of merchandise and the rate of duty imposed thereon under such classifications and the fees and charges connected therewith and all appealable questions as to the laws and regulations governing the collection of customs revenues." That provision gives no authority whatever to this court to review interlocutory orders which do not in fact or effect finally dispose of the case or finally determine the substantive rights of the litigants.—Ishida et al. v. United States (11 Ct. Cust. Appls. 216; T. D. 38984). No decision of the board is final and no question raised and decided as to its jurisdiction or as to the laws and regulations governing the collection of the customs revenues is appealable unless the determination of the board results, no appeal being taken, in ending the proceeding or in conclusively settling substantive rights which the board was called upon to adjudge. The order denying the motion to amend did not expressly or by necessary implication or in fact or effect finally dispose

of the protests or of any of the substantive rights of the parties litigant, and was therefore not a final decision or judgment of the board.—Dunterman *v.* Storey (40 Neb. 444); Shattuc *v.* McArthur and another (25 Fed. 133–134); United States *v.* Vandegrift (2 Ct. Cust. Appls. 434, 435; T. D. 32197).

For all that we know or can know the protests may be sustained by the board, in which event the refusal to permit their amendment will become moot and leave the importer unaggrieved and with no cause for complaint. Should the protests be overruled the rights asserted by them will be finally determined in so far as the board is concerned and from that decision an appeal may be taken by the importer to this court, which on the hearing of that appeal may review the rulings of the board and correct such errors as may have been committed to the prejudice of any substantial legal right of the importer.—Hodges *v.* Kimball et al. (91 Fed. 845–853).

The order denying the motion to amend was not appealable.—Kiefer's Heirs *v.* Therese Reichert et al. (93 Md. 97–99). The appeal of the importer from the order must therefore be *dismissed*.