UNITED STATES *v.* LONG BEACH WILLOW FURNITURE CO. ET AL.
(No. 2476).[1]

TIME LIMIT ON APPEAL—MOTION FOR NEW TRIAL.

Where a motion for a new trial had been properly made before the Board of United States General Appraisers, the 60 days allowed by law for an appeal to the United States Court of Customs Appeals dated from the decision on the motion, and not from the original decision on the protest.—United States *v.* Vandegrift & Co. (2 Ct. Cust. Appls. 434; T. D. 32197).

## United States Court of Customs Appeals, January 16, 1925

APPEAL from Board of United States General Appraisers, G. A. 8832 (T. D. 40310)

[Motion to dismiss granted as to one protest and denied as to the others.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.
*Allan R. Brown* for appellees.

[Oral argument Jan. 13, 1925, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

Per CURIAM:

Appellees move here to dismiss the appeal of the Government, alleging as grounds therefor that the said appeal was not taken within 60 days next following the decision of the Board of General Appraisers below.

The Board of General Appraisers rendered its decision and judgment July 7, 1924. Within 30 days thereafter the importer filed its application for a rehearing on the following protests: Protest 974211–3879 of Massce & Co. (Inc.), protest 977796–11166 of Long Beach Willow Furniture Co., and protests 979411–10806 and 982148–15472 of United States Willow Furniture Co.

This application for rehearing was denied September 17, 1924. Within 60 days thereafter, to wit, on November 13, 1924, this appeal was taken by the Government and an assignment of errors filed. In addition to the protests mentioned in the application for rehearing, the appeal of the Government included the matter of protest 982474–14248, Basket Importing Co., which was one of the protests originally involved in the proceedings before the Board of General Appraisers. Following the opinion in United States *v.* Vandegrift & Co. (2 Ct. Cust. Appls. 434; T. D. 32197), the motion to dismiss as to protests 977796–11166, Long Beach Willow Furniture Co., 979411–10806, United States Willow Furniture Co., 982148–15472, United States Willow Furniture Co., 974211–3879, Massce & Co., is denied. In the matter of protest 982474–14248, Basket Importing Co., the motion to dismiss is allowed and the appeal, as to said protest, is dismissed.

[1] T. D. 40639.