EDNA BRASS MANUFACTURING Co. *v.* UNITED STATES (No. 2997)[2]

---

[1] T. D. 42394.  [2] T. D. 42462.

United States Court of Customs Appeals, November 14, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter*, special attorney), for the motion.

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) *contra*.

[Oral argument October 6, 1922, by Mr. Igstaedter and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

PER CURIAM:

This is a motion of the United States to dismiss an appeal by importer from the judgment of the United States Customs Court in a reappraisement matter. Several cases between the same parties are involved, but one only has been presented, it being typical of the rest. The relevant facts to be considered in determining the motion are as follows:

Justice Sullivan, of the United States Customs Court, sitting as a general appraiser, heard, and decided adversely to the Government, a certain appeal to reappraisement taken by it, his decision being rendered December 31, 1926. January 20, 1927, the Government filed an application with said general appraiser for a rehearing. This application was denied by him January 31, 1927. On February 7 following the Government duly filed an application for a review of the reappraisement in the United States Customs Court, which application has not been heard or decided, but is pending therein. On March 17, 1927, importer filed in said court a motion to dismiss said last-mentioned application, which motion that court denied. Importer thereupon undertook to appeal to this court from the denial of its said motion, and has entered herein the said appeal, which is now pending here. The Government, in this motion to dismiss, urges that this court is now without jurisdiction to entertain the same.

It is conceded by counsel for both parties that the determination of the issue here rests upon the interpretation to be given to section 308, title 19, of the Code of the United States (Judicial Code, sec. 195, amended), which provides that this court shall have exclusive appellate jurisdiction of—

final decisions by a board of general appraisers in all cases as to the construction of the law and the facts respecting the classification of merchandise and the rate of duty imposed thereon under such classification, * * * and all appealable questions as to the jurisdiction of said board, and all appealable questions as to the laws and regulations governing the collection of customs revenues.

The importer's motion to dismiss was based upon the ground that more than 10 days had elapsed from the date of filing with the collector the reappraisement decision before the application for its review was made by the Government.

Section 501 of the Tariff Act of 1922 provides that such reappraisement decision shall be final and conclusive upon all parties unless, within 10 days from the date of the filing of the same with the collector, an application for its review is made in the manner therein provided.

Section 518 of the act provides that a single general appraiser deciding an appeal for reappraisement may, upon motion of either party, made within 30 days next after such decision, grant a rehearing or a retrial of said case, when, in his opinion, the ends of justice so require.

In *United States* v. *Vandegrift & Co.*, 2 Ct. Cust. Appls. 434, we held, on ample authority, that a motion for rehearing having been duly made, the judgment against which it was directed did not become final until judgment on the motion for rehearing was rendered. Consult also *United States* v. *Long Beach Willow Furniture, Co. et als.*, 12 Ct. Cust. Appls. 462.

The decision of Justice Sullivan, rendered December 31, 1926, did not become final until the denial of the application was made by him January 31, 1927, and the application for a review by the United States Customs Court of such decision was, therefore, timely, as was held by that court in the instant case. *Kingman* v. *Western Manufacturing Co.*, 170 U. S. 675, and cases therein cited.

It will be remembered, as already observed, that the application of the Government for a review by the United States Customs Court of the reappraisement judgment rendered by Justice Sullivan is still pending in that court. In the trial of that case, importer can fully litigate the question sought to be raised by the particular appeal now under consideration, and, if the judgment of Justice Sullivan is finally upheld, he will obtain all the relief he seeks by this appeal.

We regard the pending appeal as an attempt to litigate by piecemeal the issues involved in the main case, and conclude that it is not within those of which this court is given jurisdiction under section 308, title 19, of the Code of the United States. See *Rhodia Chemical Co.* v. *United States*, 12 Ct. Cust. Appls. 9.

The court below was right in denying importer's motion to dismiss, from which it follows that the pending Government's motion to dismiss importer's appeal here should be granted.

*Appeal dismissed.*