**FISKE et al. v. WALLACE.**
**WALLACE v. FISKE et al.**

Nos. 11775, 11807.

Circuit Court of Appeals, Eighth Circuit.

Nov. 14, 1940.

Rehearing Denied Nov. 27, 1940.

James C. Jones, Lon O. Hocker, Frank Y. Gladney, and Joseph H. Grand, all of St. Louis, Mo., for appellee-appellant S. Mayner Wallace.

1004

Jesse T. Friday, of St. Louis, Mo., and E. J. Doerner, of Tulsa, Okla., for appellants-appellees Johanna F. Fiske, et al.

Oscar E. Buder and G. A. Buder, Jr., both of St. Louis, Mo., for appellants-appellees Arthur U. Simmons, administrator, etc., et al.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

PER CURIAM.

It appears from the records in these cases that S. Mayner Wallace has obtained a judgment, pursuant to findings of fact and conclusions of law made by the district court, for assessment of compensation for attorney's services against Johanna F. Fiske and others, and their appeal to this court for reversal of said judgment bears the above number, 11775. The final judgment was entered on March 30th, 1940. At the hour of 2:05 P. M. on April 9, 1940 (the tenth day after the entry of the final judgment) they filed their notice of appeal to this court, together with their cost bond on appeal. Their transcript of evidence and proceedings at the trial was filed in this court on July 1, 1940, and their statement of points relied on, July 2, 1940. Their appeal is on the call of cases for hearing at St. Louis, December 6, 1940.

At the hour of 4:10 P. M. of April 9, 1940, some two hours and five minutes after the filing of the notice of appeal by Johanna F. Fiske, et al., S. Mayner Wallace, the judgment plaintiff, filed his motion pursuant to Rule 52(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c,[1] praying that the court's conclusions of law and judgment be amended and that the amount of the judgment be increased for reasons set forth in the motion. The motion was submitted and argued to the court and the court overruled the same on July 25, 1940. Four days later, on July 29, 1940, S. Mayner Wallace filed and caused to be served a notice of appeal to this court, together with cost bond, stating in the notice of appeal that the appeal was from the judgment entered on March 30, 1940. Thereafter, on July 30, 1940, he designated the portions of the record theretofore transmitted to this court upon the above described appeal of Johanna F. Fiske, et al., as his record on appeal, adding only the order of July 25, 1940, denying the motion to amend the conclusions of law and the judgment entered March 30, 1940. The appeal bears the above number, 11807, and is on the call of cases for hearing at St. Louis, December 6, 1940.

Appeal No. 11775.

In the first appeal, No. 11775, Mr. Wallace has submitted a motion to dismiss on the ground, among others, that the appeal is premature because it was taken from a judgment that was not final. It was taken on the tenth day after the entry of final judgment and the point is made that at that time the judgment plaintiff still had the right accorded him by Rule 52(b) to file a motion to amend the judgment and also the right accorded by Rule 59(b) to file a motion for new trial. There was no motion for new trial, but there was, as stated, a motion to amend the judgment filed after the notice of appeal but within the time allowed by the rule. We think that the mere existence of plaintiff's right to proceed under Rule 52(b) or Rule 59(b) did not deprive the judgment defendants of the right to take an appeal accorded them by the statute. If plaintiff had exercised his right to move for amendment within time and before the appeal was taken, such action would have preserved jurisdiction in the district court and the time for taking an appeal would have been extended. But Rule 73(a) plainly provides that "When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment by filing with the district court a notice of appeal". The appellants herein had a right to appeal on April 9, 1940, prior to the filing of appellee's motion to amend, and they duly exercised such right by filing their notice of appeal which has been followed by taking the further necessary steps to secure a review of the judgment against them. The appeal was not

---

[1] "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment."

prematurely taken. Miller v. United States, 7 Cir., 114 F.2d 267; Isgrig v. United States, 4 Cir., 109 F.2d 131.

■ Other grounds for dismissal alleged in appellee's motion are, that Rule 75(d) of the Rules of Civil Procedure and Rule 25 (4) of this court, with respect to the time and place for filing the statement of points relied on, were violated, and that appellants improperly caused deletions to be made from, and other changes to be made in, the transcript. We have considered the arguments presented in support of these grounds of the motion, but we are not persuaded that there has been any failure on appellants' part to take "steps to secure the review of the judgment" which affected the validity of the appeal, or which could justify the dismissal of the appeal. Rule 73(a).

Motion to dismiss the appeal is denied.

#### Appeal No. 11807.

■ In the second appeal, No. 11807, taken by Mr. Wallace, the appellees, Johanna F. Fiske, et al., have submitted a motion to dismiss. The ground of their motion is that the appeal was taken out of time in that the judgment sought to be reviewed was entered on March 30, 1940, and the notice of appeal therefrom was not filed by Mr. Wallace until July 29, 1940, more than the statutory ninety days having elapsed. We think the motion to dismiss is well taken. The plaintiff's motion to amend the conclusions of law and the judgment in his favor having been filed after the judgment defendants had taken their appeal did not operate to retain the case in the jurisdiction of the district court or to extend the time for appeal to the judgment plaintiff. After the judgment defendants had appealed, he had the right to take a cross appeal or to file his motion (within time) in the trial court and within time limited by statute for appeal from the judgment apply to this court to remand the case for consideration of his motion to modify. Isgrig v. United States, supra. The difficulty here is that the trial court had, by the taking of the appeal, lost jurisdiction to consider and determine the motion before the motion was filed. But Mr. Wallace could not extend the time for his appeal merely by his motion filed after the defendants' appeal had been taken. The motion to dismiss this appeal is sustained.

Appeal dismissed.