**RECONSTRUCTION FINANCE CORP. v. MOUAT.**

**MOUAT v. RECONSTRUCTION FINANCE CORP.**

No. 12389.

United States Court of Appeals Ninth Circuit.

Aug. 10, 1950.

A. Devitt Vanech, Asst. Atty. Gen., John B. Tansil, U. S. Atty., Billings, Mont., John F. Cotter, Atty., Dep. of Justice, Washington, D. C., for appellant R. F. C.

Thomas C. Colton, Billings, Mont., H. L. Maury, and A. G. Shone, Butte, Mont., for Mouats, et al.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On December 20, 1941, M. W. Mouat, individually, and May Paula Mouat, individually and as trustee of an express trust, hereafter called the Mouats, and Metals

46

Reserve Company, a corporation,[1] made a written agreement, hereafter called the lease, whereby the Mouats leased to Metals Reserve Company three patented lode mining claims, 20 unpatented lode mining claims, one unpatented placer mining claim known as the Lake placer mining claim and one unpatented tunnel site in Stillwater County, Montana, for the term of 10 years from and after December 20, 1941, subject to earlier termination as provided in the lease. The lease contained 31 numbered paragraphs. Paragraphs 14, 15, 17 and 20 are pertinent here.

Paragraph 14 provided: "The Lessee [Metals Reserve Company] may at any time after January 1, 1942, on ninety days' notice to Lessors [the Mouats] and by the payment of One Thousand Dollars ($1,000.-00), surrender and terminate this lease * * *"

Paragraph 15 provided: "* * * Upon the expiration of this lease or the termination of this lease * * * Lessee shall have six (6) months' additional time to remove from the leased premises its personal property and its tools, equipment, machinery, tracks and tramways, but shall leave intact all mine workings and timbering, ties and all excavations, foundations, wooden mine structures, wooden tramway towers and wooden buildings erected upon the demised premises * * *"

Paragraph 17 provided: "Time is of the essence of this agreement and all of the grants, terms and covenants, stipulations and conditions expressed herein shall run with the land and in all respects shall extend to and be binding upon the successors and assigns of the parties hereto."

Paragraph 20 provided: "Lessee agrees with the lessors that unless there is an understanding to the contrary in writing,[2] anything remaining on the premises herein demised and leased upon the termination hereof, for a period of more than six months after such termination, shall conclusively be deemed to have been abandoned by the Lessee in favor of the Lessors."

Between December 20, 1941, and April 16, 1945, Defense Plant Corporation [3] erected on the leased premises a large number of buildings, many of which contained plumbing fixtures. Some of the buildings were on the Lake placer mining claim. On April 16, 1945, by direction of the War Production Board, Defense Plant Corporation declared that all the buildings were surplus property, thus, in effect, declaring that the Surplus Property Board should have general supervision and direction over the care, handling and disposition of the buildings.[4] On September 18, 1945, the functions of the Surplus Property Board were transferred to the Surplus Property Administrator.[5] On January 31, 1946, the functions of the Surplus Property Administrator were transferred to the chairman of the board of directors of War Assets Corporation.[6] On March 25, 1946, War Assets Administration, headed by a War Assets Administrator, was established, and the functions of the chairman of the board of directors of War Assets Corporation were transferred to the War Assets Administrator.[7]

On July 1, 1945—after the buildings on the leased premises were declared surplus— Metals Reserve Company and Defense

1. Metals Reserve Company was created by Reconstruction Finance Corporation on June 28, 1940, pursuant to § 5d of the Reconstruction Finance Corporation Act, as amended by § 5 of the Act of June 25, 1940, c. 427, 54 Stat. 573, 15 U.S.C.A. §§ 604, 606b. See 6 F.R. 2970.

2. There was no such understanding.

3. Defense Plant Corporation was created by Reconstruction Finance Corporation on August 22, 1940, pursuant to § 5d of the Reconstruction Finance Corporation Act, as amended by § 5 of the Act of June 25, 1940, c. 427, 54 Stat. 573, 15

U.S.C.A. §§ 604, 606b. See 6 F.R. 2971.
4. See Surplus Property Act of 1944, 50 U.S.C.A.Appendix, §§ 1611–1646.

5. By § 2(a) of the Act of September 18, 1945, c. 368, 59 Stat. 533, 50 U.S.C.A. Appendix, § 1614b(a).

6. By § 1 of Executive Order No. 9689, 11 F.R. 1265, 50 U.S.C.A.Appendix, § 1614 a note. Section 1 became effective on February 1, 1946.

7. By § 3 of Executive Order No. 9689, 11 F.R. 1265, 50 U.S.C.A.Appendix, § 1614a note. Section 3 became effective on March 25, 1946.

Plant Corporation were dissolved, and all their functions, powers, duties, assets and liabilities were transferred to Reconstruction Finance Corporation.[8] On November 15, 1945, Reconstruction Finance Corporation notified the Mouats that it would terminate the lease on February 28, 1946. Accordingly, on February 28, 1946, the lease was terminated.

On September 17, 1946, the Mouats brought an action against Reconstruction Finance Corporation and War Assets Administration. The action was based on the lease. The complaint alleged, in substance, that on February 28, 1946, there were on the leased premises 81 buildings—79 residence buildings, one store building and one barracks building—all of which contained plumbing fixtures; that after February 28, 1946, defendants (Reconstruction Finance Corporation and War Assets Administration) committed waste on the leased premises by removing from the 81 buildings and converting to their own use plumbing fixtures of the value of $41,000 and by destroying 22 of the residence buildings, each of which, even without plumbing fixtures, was of the value of $600; that other property which was on the leased premises on February 28, 1946, was removed therefrom by defendants after August 28, 1946; and that the amount thereof was unknown to the Mouats, but was known to defendants. The complaint prayed for a judgment against defendants for $41,000 for removal and conversion of plumbing fixtures and $13,200 for destruction of buildings, prayed for an accounting of property removed from the leased premises by defendants after August 28, 1946, and prayed for a judgment against defendants for the value thereof. Other parts of the complaint are not pertinent here.

War Assets Administration moved for and obtained an order dismissing the action as to it. That order was entered on October 27, 1947, was not appealed from and is not here sought to be reviewed. After October 27, 1947, Reconstruction Finance Corporation was treated as the sole defendant in the action.

Reconstruction Finance Corporation answered the complaint and, in its answer, denied that it had committed waste on the leased premises or removed plumbing fixtures from any building thereon or converted such fixtures to its own use or destroyed any building on the leased premises or removed any property therefrom. A trial was had, findings of fact and conclusions of law were stated, and on June 11, 1949, a judgment was entered.

The judgment was, in part, as follows: "It is adjudged that defendant, Reconstruction Finance Corporation, a corporation, is [9] the owner and entitled to the possession of all houses, buildings or structures situated and being upon the Lake placer mining claims [10] and without requirement of immediate removal." Other parts of the judgment were favorable to the Mouats. However, the judgment did not award to the Mouats, or adjudge that the Mouats were entitled to recover, any sum whatever for waste committed on the leased premises, for plumbing fixtures removed from buildings thereon, for conversion of such fixtures, for destruction of buildings on the leased premises or for removal of property therefrom.

On June 18, 1949, the Mouats filed a motion to make additional findings.[11] On August 9, 1949, while the motion to make additional findings was pending, Reconstruction Finance Corporation appealed from the judgment. On November 7, 1949, an order was entered denying the motion to make additional findings. On November 21, 1949, the Mouats appealed. Thereafter May Paula Mouat died. M. W. Mouat, her administrator, succeeded her as trustee of the above mentioned trust and, as such ad-

---

8. By the Joint Resolution of June 30, 1945, c. 215, 59 Stat. 310, 15 U.S.C.A. § 611 note, effective July 1, 1945.

9. On June 11, 1949—the date of the judgment.

10. Only one Lake placer mining claim was mentioned in the lease or involved in this action. So far as the record shows, there was no other Lake placer mining claim.

11. Pursuant to Rule 52(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

ministrator and trustee, was substituted as a party to the appeals in her place and stead.

▮ M. W. Mouat has moved to dismiss Reconstruction Finance Corporation's appeal on the ground that it was premature. Reconstruction Finance Corporation being an agency of the United States, the time for appeal was 60 days from the entry of the judgment.[12] However, the running of the time for appeal was terminated by the motion to make additional findings, and the full time for appeal commenced to run and is to be computed from the entry of the order denying that motion.[13] Having been taken while that motion was pending, Reconstruction Finance Corporation's appeal was premature and hence a nullity.[14] It is therefore dismissed.

The Mouats' notice of appeal was as follows:

"Notice is hereby given that [the Mouats] do hereby appeal to the United States Court of Appeals for the Ninth Circuit from parts of the final judgment entered in this action on June 11, 1949, as follows:

"1. That portion of said judgment wherein 'It is adjudged that defendant, Reconstruction Finance Corporation, is the owner and entitled to the possession of all houses, buildings or structures situated and being upon the Lake placer mining claim and without requirement of immediate removal.'

"2. Wherein said judgment fails to adjudicate that the [Mouats] were entitled to a judgment for any sum of money at all for waste as to the removal and conversion of the plumbing fixtures of buildings on the Lake placer and other strip and waste by destruction of buildings, removal of fix-

tures, removal of buildings and all waste committed at the leased premises by [Reconstruction Finance Corporation].

"3. Wherein the said judgment fails to adjudicate that the [Mouats] were entitled to six hundred dollars each, or any sum whatever, for the destruction of twenty-two residence buildings on the said Lake placer."

▮ As stated above, the lease was terminated on February 28, 1946—the last day of February, 1946. Hence the six-months period mentioned in paragraphs 15 and 20 of the lease expired not later than August 31, 1946.[15] Hence Reconstruction Finance Corporation had no right, title or interest in or to any house, building or structure on the Lake placer mining claim after August 31, 1946.[16] Hence that part of the judgment which was designated in paragraph 1 of the Mouats' notice of appeal was erroneous.

▮ There was no substantial evidence that Reconstruction Finance Corporation committed waste on the leased premises or removed plumbing fixtures from any building thereon or converted such fixtures to its own use or destroyed any building on the leased premises or removed any property therefrom. Hence the adjudications mentioned in paragraphs 2 and 3 of the Mouats' notice of appeal would have been improper.

▮ There was evidence that War Assets Administration, acting under color of the Surplus Property Act of 1944, 50 U.S.C.A.Appendix, §§ 1611–1646, the Act of September 18, 1945, c. 368, 59 Stat. 533, 50 U.S.C.A.Appendix, §§ 1614a, 1614b, and Executive Order No. 9689, 11 F.R. 1265, 50 U.S.C.A.Appendix, § 1614a note, removed plumbing fixtures from buildings on the

12. See 28 U.S.C.A. § 2107 and Rule 73(a) of the Federal Rules of Civil Procedure.

13. See Rule 73(a) of the Federal Rules of Civil Procedure.

14. United States v. Crescent Amusement Co., 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160; Fleming v. Borders, 9 Cir., 165 F. 2d 101; Green v. Reading Co., 3 Cir., 180 F.2d 149; Healy v. Pennsylvania Railroad Co., 3 Cir., 181 F.2d 934.

15. The Mouats contended that the six-months period expired on August 28, 1946. Reconstruction Finance Corporation contended that it expired on August 31, 1946. As to which was right, we express no opinion.

16. See paragraphs 15, 17 and 20 of the lease.

leased premises, removed buildings and other property from the leased premises and disposed of such fixtures, buildings and other property. That, however, was immaterial, for Reconstruction Finance Corporation was not responsible for acts committed by War Assets Administration.

For the foregoing reasons, that part of the judgment which was designated in paragraph 1 of the Mouats' notice of appeal is reversed, and all other parts of the judgment, in so far as they were appealed from by the Mouats, are affirmed.