(A. R. D. 5)

UNITED STATES v. THALSON CO.

Entry No. 700583.

Second Division, Appellate Term

(Order dated July 24, 1952)

*Charles J. Wagner*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant, against the motion.

*Lawrence, Tuttle & Harper* (*Frank L. Lawrence* of counsel) for the appellee, for the motion.

Before RAO and FORD, Judges

ORDER

RAO, Judge:    This is a motion made by appellee to dismiss appellant's application for review of a decision and order of a single judge sitting in reappraisement denying a motion to dismiss appellee's appeal for reappraisement as untimely.

It appears that appellee herein is the importer of a shipment of watches from Switzerland, which was entered at the port of New York on July 7, 1944, at the value stated in the invoice less certain nondutiable charges. The merchandise was appraised at a value which exceeded the entered value, and on July 24, 1947, a notice of appraisement was duly forwarded to the importer. On August 25, 1947, appellee filed an appeal for reappraisement.

It further appears that August 23, 1947, the 30th day after the mailing of said notice of appraisement, fell upon a Saturday, and that, pursuant to existing customs regulations, the office of the collector at the port of entry was not open for the transaction of business, either on that day, or the Sunday immediately ensuing. The notice of appeal for reappraisement was, therefore, filed on Monday, August 25, 1947.

When this case was called for trial at the port of San Francisco, Calif., counsel for the Government, appellant herein, moved to dismiss the appeal for reappraisement on the ground that it was untimely, having been filed more than 30 days after the notice of appraise-

ment was mailed to the importer. Counsel for the importer, appellee herein, also moved to dismiss the appeal for the reason that, the date having been omitted from the date line in the summary sheet, no valid appraisement had been made.

By an order dated January 31, 1952, Judge Mollison, the trial judge, denied both motions, and restored the case to the San Francisco calendar for trial. Appellant thereupon filed its application for review of said order.

It is toward this latter proceeding that the instant motion is addressed, it being the contention of appellee that the order of January 31, 1952, is not a final decision of the case and is, therefore, not appealable. Various authorities are cited to us by appellee to support the general proposition that in the absence of a permissive statute, interlocutory decisions and orders are not reviewable, except upon appeal from the final judgment of the cause.

Upon behalf of the Government, it is urged that a jurisdictional question was raised by its original motion to dismiss, since the granting of the motion would obviate the necessity of a trial on the merits and terminate the litigation. It is, therefore, argued that the question is one which should be decided by an appellate court.

We think the mere statement of the grounds upon which appellant opposes the instant motion demonstrates the fallibility of its position. Unlike an order or judgment which grants a motion to dismiss a cause or proceeding, thus finally determining the litigation between the parties, an order denying a motion to dismiss leaves the rights of the parties still to be determined and is not dispositive of the issues raised by the pleadings. Accordingly, it is an interlocutory and not a final order.

The law is well settled that, except where expressly authorized by statute, no appeal will lie from an interlocutory order. *United States* v. *Rice*, 327 U. S. 742, 749; *Rhodia Chemical Co.* v. *United States*, 12 Ct. Cust. Appls. 9, T. D. 39889; *Edna Brass Manufacturing Co.* v. *United States*, 15 Ct. Cust. Appls. 260, T. D. 42462; *Railroad Company* v. *Swasey*, 90 U. S. 405.

We think that the question raised by the pending motion falls within the principles laid down in the case of *Cox & Fahner et al.* v. *United States*, 31 C. C. P. A. (Customs) 141, C. A. D. 264, wherein the court stated:

It will be observed that the sole duty of the single judge under section 501, *supra*, is to "determine the value of the merchandise." That is the only decision of the single judge contemplated by the section from which an application for review may be filed. The order of the single judge restoring the cases to the docket for the purpose of enabling appellants to introduce evidence of cost of production was merely an interlocutory order, and the *decision* made therein was that the case should be reopened for the purpose stated. [Italics quoted.]

Section 501 of the Tariff Act of 1930, referred to in the foregoing quotation, which covered appeals for reappraisement and reviews thereof, has been superseded, but not altered in effect, by sections 2631 and 2636 of title 28 of the United States Code. For convenience of reference these sections are set forth in the margin below.[1] The decision of the single judge from which an appeal is authorized by statute remains his determination of the value of the merchandise covered by the appeal.

A denial of a motion to dismiss an appeal for reappraisement is not the determination of value which a single judge sitting in reappraisement is by law required to make. It is an interlocutory ruling during the pendency of the litigation, and may be reviewed only after a final judgment fixing the value of the imported merchandise has been rendered.

In its brief in opposition to the instant motion, appellant cites the case of *United States* v. *Elliot, Greene & Co. et al.*, 28 C. C. P. A. (Customs) 177, C. A. D. 141, as tending to support the validity of its application for review of the order denying its motion to dismiss. We do not see the similarity of circumstance between the cited case and the one before us. In the cited case, our appellate court held that the failure of a party to appeal to the Court of Customs and Patent Appeals from a judgment of the appellate division of this court, which reversed that of the trial court and remanded the case to the single judge for the purpose of deciding the same on the record as made with the exclu-

---

[1] Section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938:

(a) * * * Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall in every case, notwithstanding that the original appraisement may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, after affording the parties an opportunity to be heard on the merits, determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing. * * *

(b) The judge shall, after argument on the part of any of the interested parties requesting to be heard, render his decision in writing together with a statement of the reasons therefor and of the facts on which the decision is based. Such decision shall be final and conclusive upon all parties unless within thirty days from the date of the filing of the decision with the collector an application for its review shall be filed with or mailed to the United States Customs Court * * *.

Title 28, United States Code:

§ 2631. **Appeal for reappraisement; assignment to single judge; hearing**

Every written appeal to the Customs Court for a reappraisement of merchandise shall be assigned to one of the judges of such court who shall after affording the parties an opportunity to be heard on the merits, determine the value of such merchandise.

His determination shall be made from the evidence in the record and that adduced at the hearing, notwithstanding that the merchandise and samples thereof are not available for examination or that the original appraisement for any reason may be held invalid or void.

§ 2636. **Review of single judge's decision; disqualification of judges; remand; presumption**

(a) The decision of a single judge in a reappraisement proceeding shall be final and conclusive upon all parties unless within 30 days from the date it is filed with the collector of customs an application for its review is filed with or mailed to the Customs Court by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, or filed by the consignee, or his agent or attorney, with the collector, by whom the same shall be forwarded forthwith to such court.

*         *         *         *         *         *         o

sion of two exhibits which were held to have been improperly received in evidence, precluded a subsequent consideration of the question of the admissibility of said exhibits. The court's decision was, and necessarily so, predicated upon a finding that the judgment of the appellate division became "final and conclusive" upon the parties, and settled the law of the case.

It needs no elaborate discussion here to establish that the denial of the motion to dismiss appellee's appeal for reappraisement has neither touched upon, nor in any manner settled, the substantive law of the case.

Moreover, we find that the principle of the *Elliot, Greene* case, *supra*, has by the court's decision in the *Cox & Fahner* case, *supra*, been limited to appeals to that court from decisions of the United States Customs Court. The court in the latter case stated:

In the case of *United States* v. *Elliot, Greene & Co. et al.*, 28 C. C. P. A. (Customs) 177, C. A. D. 141, we held that under the provisions of section 501, *supra*, an appeal may be taken to this court from a judgment of the United States Customs Court under certain circumstances, even though such judgment be interlocutory in character. We there said:

There can be no question but that Congress may provide for appeals, even from interlocutory judgments; * * *.

It will be noted, however, that the provisions of section 501, *supra*, relating to applications for review from a decision of the single judge, are not at all similar to those relating to appeals to this court from decisions of the United States Customs Court. Applications for review of a decision of the trial judge relate to decisions determining the value of the merchandise, or in other words, decisions disposing of the controversy created by the appeal for reappraisment. There is no provision for applications for review of interlocutory orders made by the single judge.

In view of the foregoing, we are constrained to hold that appellant's application for review is premature, and should be dismissed. Appellee's motion for that relief is, therefore, granted.

SEPTEMBER 23, 1952