UNITED STATES *v.* U. S. INDUSTRIAL CHEMICALS, INC. (No. 4754)[1]

---

United States Court of Customs and Patent Appeals, February 4, 1954

*Warren E. Burger*, Assistant Attorney General (*Mollie Strum* and *Richard F. Weeks*, special attorneys, of counsel), for the United States.

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for appellee.

[Oral argument October 6, 1953, by Mr. Weeks and Mr. Allerton deC. Tompkins]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges

Per Curiam:

Appellee moves here to dismiss the appeal of the Government in this case as premature and untimely.

The course of events upon which the motion is based is as follows:

(1) On July 28, 1952, the United States Customs Court rendered a decision and judgment sustaining appellee's protest in this case.

(2) On August 26, 1952, appellant filed a petition for review by this court of the above-mentioned decision and judgment, filing also an assignment of errors. This is the appeal which appellee here moves to dismiss.

(3) On August 27, 1952, after the above appeal has been filed, the plaintiff, appellee herein, took timely action within 30 days after the aforementioned decision, under Rule 6 (a) of the United States Customs Court providing for Motion for Rehearing (see 28 U. S. C. § 2640) and made the following motion in the trial court:

Upon the record and attached Memorandum in Support of Motion, Motion is hereby made by * * *, attorneys for Plaintiff *to set aside the Judgment Order* of this Court as entered on July 28, 1952, *and for a revised or amended Order* as set forth in the attached Memorandum in Support of Motion. [Italics supplied.]

The trial court was requested, in the said memorandum, to amend its judgment order so as to present to the collector specific instructions on the method he should follow in making his duty determinations.

(4) On September 5, 1952, appellant filed a motion in this court for an order dismissing the previously filed petition for review as untimely, for the reason that counsel for appellee had filed a timely motion before the United States Customs Court to set aside and amend the judgment order. This motion was withdrawn on October 16, 1952, before this court had taken any action thereon.

(5) On September 8, 1952, appellant filed a memorandum in opposition to appellee's motion to set aside and amend the judgment as requested, objecting to such amendment as being contrary to law; on September 17, it also filed a supplemental memorandum in opposition to said motion.

(6) On October 8, 1952, after considering appellee's motion and appellant's memoranda in opposition thereto, the trial court issued

an order amending the judgment of July 28, 1952, by adding thereto the specific instructions to the collector requested by appellee in its motion.

(7) On October 30, 1952, appellant filed a second petition for review by this court of the "decision on judgment order dated October 8, 1952." A sole assignment of error was filed therewith alleging that the trial court erred in amending the judgment of July 28, 1952, by adding to its judgment order the requested instructions to the collector.

(8) Appellant then moved before this court for an order consolidating in a single appeal the two petitions for review of August 26 and October 17, respectively. This was denied.

(9) Appellee then presented the instant motion to dismiss the appeal of August 26 as untimely, and has filed an accompanying memorandum. Appellant has also filed a memorandum in opposition to the motion. Both parties were heard by this court in oral argument on the motion.

Appellee argues that the trial court retained jurisdiction while it was acting on appellee's motion to amend the judgment of July 28, 1952, and that such judgment was therefore not final for purposes of appeal; that the sixty day statutory period for filing an application of review with this court (28 U. S. C. § 2601) did not begin to run until October 8, 1952, when the trial court rendered its order on appellee's motion to amend the judgment of July 28; and that the instant appeal, having been filed prior to October 8, 1952, was filed prior to the time provided by statute and is therefore premature and invalid.

Where a motion for new trial or rehearing has been entered within the time fixed by law, the limitation of 60 days within which it is permitted to take an appeal begins to run not from the date of the original decision, but from the date the motion is disposed of by the court. The original decision is not considered final in such a case. *United States* v. *Vandegrift & Co.*, 2 Ct. Cust. Appls. 434, T. D. 32197.

In *United States* v. *Long Beach Willow Furniture Co., et al.*, 12 Ct. Cust. Appls. 462, T. D. 40639, appellee, the importer, filed an application for rehearing within 30 days after the decision of the Board of General Appraisers (now the United States Customs Court) on certain protests. The record in that case indicates that the application for rehearing did not challenge the board's finding that the merchandise was not dutiable at 60% ad valorem, as found by the collector, but was limited solely to the point that the merchandise should have been held dutiable at 33⅓%, as claimed by the importer, and not at 45% as held by the board. The Government filed no appeal within the 60 day period following the original decision of the board. However, the Government filed an appeal from the board's decision

within 60 days after the date on which the board denied appellee's motion for rehearing. Appellee then moved before this court to dismiss the Government's appeal, alleging that it was taken too late. The record discloses appellee conceded that the Government's appeal would have been timely had the Government filed a timely motion for rehearing, but claimed that appellee's motion could not extend the time in which the Government could appeal from the board's decision holding the merchandise not dutiable at 60.%. Citing the *Vandegrift* case, *supra*, as controlling, appellee's motion to dismiss was denied by this court in a *per curiam* opinion. It is of course implicit in that ruling that the judgment of the board was not final for purposes of appeal until the board had disposed of the appellee's motion for rehearing.

The *Long Beach* case, *supra*, appears to be the most pertinent case yet decided by this court. There is no case decided by us wherein an appeal was filed *prior* to a timely motion for rehearing or new trial.

Similar problems have arisen under provisions of the Federal Rules of Civil Procedure pertaining to appeal and motions for new trial and the like. While those rules are not applicable to this court and the Customs Court, it would seem that decisions thereunder involving analogous problems would be highly persuasive. It is noted that the *Vandegrift* case, *supra*, is based on a Supreme Court decision interpreting a non-customs statute.

The Federal Courts have consistently held that time for appeal is stopped by a motion for new trial or rehearing, or to amend the findings, and begins running anew upon determination of such motions. See Moore's Federal Practice, 1938, p. 3393, notes 8–12. The correction or amendment of a judgment either on motion, or *sua sponte* by the court, constitutes in effect a new judgment from which time for appeal is to be computed. *Ray* v. *United States*, 121 F. 2d 416 (CCA 7, 1941). A timely motion to amend findings, made *before* an appeal is taken renders the appeal taken *during pendency* of the motion premature and dismissible. *U. S.* v. *Crescent Amusement Co.*, 323 U. S. 173 (1944); *Reconstruction Finance Corp.* v. *Mouat*, 184 F. 2d 44 (CCA 9, 1950). The *Crescent* case was decided before Rule 73 (a) was amended to its present specific form in 1948, and is qualified by the requirement that the motion must have been directed to questions of substance and not "mere matters of form." The *Mouat* case was decided after Rule 73 (a) was amended to present form. The qualification expressed in the *Crescent* case may now be inapposite, under the rule in its present form.

*Fiske* v. *Wallace*, 115 F. 2d 1003 (CCA 8, 1940) involves a fact situation practically identical with that before the court. In that case, an appeal was filed just before a timely motion to amend the judgment was made on the last day. It was there held that, while

filing a timely motion to amend the judgment prior to filing of a notice of appeal extends the time for taking an appeal, filing of such a timely motion *after* the appeal has been filed does not render the appeal premature. It would seem that the *Fiske* case might be used as authority for holding that the Government's appeal in this case is not premature. However, it must be noted that the *Fiske* decision is apparently based on the theory that the trial court had, by taking of the appeal, lost jurisdiction to consider the motion to amend the judgment although the motion was timely, unless the movant applied to the appellate court to remand the case for consideration of the motion.

This court is unwilling to adopt the latter theory. Such a theory leads to an undesirable circuity of action in any instance where appeal is filed before a timely motion for rehearing or new trial. It also results in a material limitation of § 2640, Title 28, U. S. C., *supra*, not expressed therein by the Congress. Under the *Fiske* case rule, if one party files an appeal the day following the original decision of the Customs Court, that court cannot thereafter entertain any motion for new trial or rehearing without the permission of this court, notwithstanding that Congress has given the Customs Court the right to entertain such motions if made within thirty days after its decision. Furthermore, if the *Fiske* case were followed, the Government's second appeal of October 30, 1952 must necessarily be held invalid since the sixty day period begins on July 28th, and the appeal was made more than sixty days after that date. See the second part of the *Fiske* decision, *supra*, at page 1005. We note also that the rule of the *Fiske* case and the theory on which it is based are now probably obsolete as a result of the subsequent explicit amendments to Rule 73 (a); see Note of Report by the Advisory Committee, 5 F. R. D., page 487. See also *Daniels* v. *Goldberg*, 8 F. R. D. 580.

Appellee's motion requesting the trial court to amend its judgment is analogous to a motion for rehearing and may be properly considered a form of such motion. A review of the record indicates that the amendment sought was directed to a matter of substance, and not a mere formality. In view of the holdings in the *Long Beach* and *Vandegrift* cases, *supra*, that the original decision of the trial court is not final for purposes of appeal until timely motion for rehearing is disposed of by that court, we are of the opinion that the Government's appeal of August 26 was premature because there was no final appealable judgment when it was filed. It was therefore invalid.

Having concluded that the instant appeal of August 26 is premature, we think it is proper to consider also whether the defect in that appeal has been cured by the filing of the second appeal on October 30, 1952. Appellee does not contest the validity of the second appeal. However, as noted above, the assignments of error therein are limited to

the order of October 8 amending the original judgment, and that is the only question reviewable in that appeal.

We have found no cases on the point. However, we have already concluded that an appeal filed prior to a subsequent timely filed motion to amend the judgment would be premature and invalid because there is no final judgment at the time the appeal was filed. We think it cannot be consistently held that filing of a second timely but incomplete appeal can cure the defect in an earlier premature and invalid appeal.

In view of the foregoing, it is our opinion that the appeal should have been filed within the 60-day period beginning with the court's disposition of appellee's motion to amend the judgment. We hold, therefore, that appellee's motion to dismiss this appeal as untimely must be allowed, and the said appeal is hereby *dismissed*.

COLE, Judge, dissenting.

It is, of course, entirely correct that in the practice before the United States Customs Court the law definitely provides that "A division of the court deciding a case or a single judge deciding an appeal for a reappraisement may, upon the motion of either party made within thrity days next after such decision, grant a rehearing or retrial of such case when in the opinion of such division or single judge the ends of justice so require." Section 518, Tariff Act of 1930. [19 U. S. C. sec. 1518; see also 28 U. S. C. sec. 296 (9)].

The law also provides in the practice before this court, 28 U. S. C. sec. 310, as follows:

If the importer * * * or the collector or Secretary of the Treasury, shall be dissatisfied with the decision of the United States Customs Court as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of said Court, they, or either of them, may, within sixty days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs and Patent Appeals for a review of the questions of law and fact involved in such decision. * * * *Thereupon the court shall immediately* order the United States Customs Court to transmit to said court the record and evidence taken by them, together with the certified statement of the facts involved in the case and their decision thereon; * * * [Italics supplied.]

It will be seen, therefore, that a conflict develops when proper respect is directed to the meaning of both statutes. When this court obtains jurisdiction of an appeal, as hereinbefore quoted, certainly it means that all the papers and records of every kind and description pertaining to the litigation become the property of this court pending such appeal, and the United States Customs Court is left without anything whatsoever in the premises. That requirement

is both supported and emphasized in Rule 17 of this court which reads:

Upon the filing of said petition for review, a process which shall be called a mandate shall issue to said United States Customs Court directing said court to transmit to this court the records and evidence of the proceedings taken and had by it, together with a certified statement of the facts involved in the case and the decision thereon, together with all samples and exhibits used before it. In all cases in which a motion for rehearing was made before the United Stats Customs Court, *such motion and all affidavits in support thereof or in opposition thereto*, shall be certified to be a part of the record in the case. Such a mandate shall be made returnable in 30 days, and the time for said return may be extended, upon application to the court or a judge thereof, at chambers, and upon good cause shown. [Italics supplied.]

When a motion for rehearing is filed in the Customs Court within the thirty day period, fairness and justice suggest that the Customs Court should have the record in the case before them in disposing of that motion. To that end, I feel that should such a situation develop, this court, immediately upon application, would direct the papers to be returned to the Customs Court and thereafter, should the original judgment then the subject of the appeal be modified in any way, such fact should be appropriately brought to the attention of this court as part of the pending proceedings or of a subsequent and additional appeal.

Where ambiguity exists between two statutes, there is, as is evident in this instance, an effort by the court to reconcile the same and have the appropriate tribunal resort to the most expeditious and practical procedure. Such, I am sure, prompted the majority in chartering the course for the future in proceedings of this character. My own feeling is that the law should be amended to remove the existing conflict in a way comparable to the action taken following the decision in the *Fiske* case, *supra*.

I must respectfully dissent.

O'Connell, J., concurs.